RAY *v.* GARRISON.

---

INJUNCTION; PUBLIC OFFICERS; ARMY.

No duty relating to the execution of the act of Congress of October 1, 1890 (26 Stat. at L. 562, chap. 1241, U. S. Comp. Stat. 1901, p. 849), requiring that promotion to every grade of the Army below the rank of brigadier general shall, subject to examination, be made according to seniority in the next lower grade, is imposed upon the Secretary of War and his subordinates, so as to warrant the issuance of an injunction restraining them from taking any action to procure the nomination by the President as deputy quartermaster general of any officer other than the one who seeks the injunctive relief and who claims to be entitled by reason of seniority to promotion to that office.

No. 2605. Submitted February 4, 1914. Decided March 2, 1914.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia dismissing his bill for an injunction to restrain the defendants from taking any action in violation of his right to be nominated by the Presi-

dent as deputy paymaster general and from recommending that the President nominate any other than the plaintiff to such office.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree in the supreme court of the District dismissing, upon demurrer, appellant Beecher B. Ray's bill for an injunction to restrain Lindley M. Garrison, Secretary of War, and Henry Breckinridge, Assistant Secretary of War, appellees, "and their respective agents and subordinates, from taking any action or steps of whatsoever kind in violation of plaintiff's (appellant's) right to be nominated by the President of the United States to the Senate thereof as deputy paymaster general with the rank of lieutenant colonel, and from taking any action or steps to certify in any manner whatsoever, make known, or indicate to the President of the United States or any other officer thereof, that anyone other than plaintiff is entitled to such office and the nomination thereto," and for such other and further relief as the facts may warrant.

Appellant sets forth in his bill that he is in all respects duly qualified and acting as senior major in the quartermaster's corps of the Army, and, as such, is lawfully entitled to promotion as deputy quartermaster general of the United States with the rank of lieutenant colonel, agreeably to the provisions of the act of October 1, 1890, 26 Stat. at L. 562, chap. 1241, U. S. Comp. Stat. 1901, p. 849, which require that promotions to every grade in the Army below the rank of brigadier general "shall, subject to the examination hereinafter provided for, be made according to seniority in the next lower grade." He further avers that appellees intend "to and will certify and make known to the President of the United States that someone other than plaintiff should be nominated by said President to the Senate of the United States as entitled to the vacancy existing in the quartermaster's corps in the rank of lieutenant colonel, to which office plaintiff is by law justly entitled and has the sole and exclusive right thereto."

*Mr. Stephen A. Day* and *Mr. Rufus S. Day,* for the appellant:

1. This court has the power and jurisdiction to grant appellant relief. *Ex parte Young,* 209 U. S. 123, 52 L. ed. 714; *Marbury* v. *Madison,* 1 Cranch, 137, 171; *United States* v. *MacDaniel,* 7 Pet. 1, 15, 8 L. ed. 587, 592; *Philadelphia Co.* v. *Stimson,* 223 U. S. 605; *Cohen* v. *Virginia,* 6 Wall. 264, 404; *Garfield* v. *United States,* 211 U. S. 249, 53 L. ed. 168; *United States ex rel. Frizzell* v. *Newman,* 41 Wash. L. Rep. 686; *Board of Liquidation* v. *McComb,* 92 U. S. 531–541, 23 L. ed. 623–628.

2. The Secretary of War must obey the acts of Congress. *Ex parte Ayers,* 123 U. S. 443, 498, 31 L. ed. 216, 227.

*Mr. Clarence R. Wilson,* United States District Attorney, and *Mr. Reginald S. Huidekoper,* Assistant, for the appellees:

1. The President alone has the power to nominate and by and with the advice and consent of the Senate to appoint and commission officers of the Army. *United States* v. *Germaine,* 99 U. S. 508; 30 Ops. Atty. Gen. 177; *Marbury* v. *Madison,* 1 Cranch, 137–155; *Captain Badeau,* 19 Ops. Atty. Gen. 609; *Mimmack* v. *United States,* 97 U. S. 426; *United States* v. *Corson,* 114 U. S. 619; *Dubarry Case,* 4 Ops. Atty. Gen. 603; *Fitz John Porter Case,* 18 Ops. Atty. Gen. 18; *Attorney General Ackerman's Opinion,* 13 Ops. Atty. Gen. 516; *People ex rel. Balcom* v. *Mosher,* 163 N. Y. 32; *People ex rel. Kresser* v. *Fitzsimmons,* 68 N. Y. 514; *People ex rel. Killeen* v. *Angle,* 109 N. Y. 564; *Keim* v. *United States,* 177 U. S. 290.

2. The appellees, either as executive officers or as individuals, cannot be restrained in the performance of their official duties. *International Contracting Co.* v. *Lamont,* 155 U. S. 303; *De Arnaud* v. *Ainsworth,* 24 App. D. C. 167.

Mr. Justice ROBB delivered the opinion of the Court:

It is the contention of appellant that "while no specific statutory duty is pointed out, yet the threatened action is within the reach of the court because any attempted violation of the act of 1890 is necessarily illegal and unconstitutional." The initial question, therefore, is whether appellees have been shown to have such connection with the execution of this statute as that their acts may be drawn in question here.

In *Fitts* v. *McGhee,* 172 U. S. 516, 43 L. ed. 535, 19 Sup. Ct. Rep. 269, the court ruled that the suit brought by the receiver of a railroad against the attorney general of the State of Alabama and the solicitor of the 11th judicial circuit of that State, to restrain them from taking steps to enforce, against the complainants, the provisions of a law of that State reducing tolls which had been exacted of the public under a prior law for crossing on a bridge of the railroad over a river, was a suit against the State and therefore could not be maintained. The court, after pointing out that neither official against whom the suit was brought was charged by law with any special duty in connection with the enforcement of the act in question, observed: "In the present case, as we have said, neither of the State officers named held any special relation to the particular statute alleged to be unconstitutional. They were not expressly directed to see to its enforcement. If, because they were law officers of the State, a case could be made for the purpose of testing the constitutionality of the statute, by an injunction suit brought against them, then the constitutionality of every act passed by the legislature could be tested by a suit against the governor and the attorney general, based upon the theory that the former as the executive of the State was, in a general sense, charged with the execution of all its laws, and the latter, as attorney general, might represent the State in litigation involving the enforcement of its statutes." In *Ex parte Young,* 209 U. S. 123, 157, 52 L. ed. 714, 728, 13 L.R.A.(N.S.) 932, 28 Sup. Ct. Rep. 441, 14 Ann. Cas. 764, the court ruled that in making an officer of the State a party defendant in a suit to enjoin the enforcement

of an' act alleged to be unconstitutional, "such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party."

No duty is imposed upon the appellees in respect to the execution of the act in question. Section 3 authorizes the President to prescribe a system of examination of all officers of the Army below the rank of major to determine their fitness for promotion, and provides that when any officer fails to pass a satisfactory examination and is reported unfit for promotion, the officer next below him in rank who does pass shall receive the promotion. But it is not even averred that appellees are charged or ·have been interested with any duty in respect of such examination. In substance, appellant's grievance is that having successfully passed the examination upon which his right to promotion in part depends, appellees volunteered to advise the President to promote someone else. If the statute required appellees to certify to the President the name of the officer entitled to promotion, some duty would then be laid upon them, and the court would be justified in interpreting the act; for where an official is directed to do a certain act the court must assume that the executive desires its legal performance. *Marbury* v. *Madison,* 1 Cranch, 137, 2 L. ed. 60. Where, however, no such duty is imposed, there is no real justification for judicial interference. An attempt to invoke judicial interference in such a case is in effect an attempt to reach the executive through his representative, which may not be done.

While we fully appreciate the importance of this case to appellant, we are constrained to rule that no basis has been laid for judicial action. The decree must be affirmed, with costs.                                *Affirmed.*